WILLIAM CARSON *vs.* WESTERN RAILROAD COMPANY.

A railroad corporation, which erects a fence on its own land, to keep the snow from being blown upon its road, is not liable for the damages occasioned by the accumulation of snow upon another's land on the other side of the fence.

ACTION OF TORT for the injury occasioned to the plaintiff' farm by the accumulation of snow thereon in consequence of the erection and maintenance of a fence by the defendants.

At the trial in the court of common pleas at June term 1857, the plaintiff offered to prove his title to the farm; that the defendants owned in fee a strip of land across his farm, on which their road was located, under a deed from the plaintiff's grantors, which contained a covenant that said grantors, and their heirs, should fence said road on both sides; that the fence complained of was erected and kept up by the defendants for the sole purpose of keeping the snow, coming from the direction of the plaintiff's farm, and which would, if not intercepted by said fence, drift along the natural course of the wind across the plaintiff's farm and upon the track of the defendants' road, from drifting and accumulating upon said track; that this fence caused such snow to fall and accumulate upon the land of the plaintiff to depths varying from eight to twelve feet, according to the severity of the winter, and to lie upon the plaintiff's lands from two weeks to a month later in spring than the snow would lie upon said lands, falling naturally, and drifting with the wind, unobstructed by said fence; that the snow so accumulating and lying upon the plaintiff's lands greatly injured them and lessened their value, keeping them from sunlight while so covered with snow, and leaving them cold and wet for some time after the snow dissolved, rendering them unfit for cultivation, or fo the production of any other crop than grass, and materially injuring the growth of that crop; and breaking down and retarding the growth of an orchard of young fruit trees.

Upon this opening, *Sanger*, J. ruled that the action could not be maintained, and rendered judgment for the defendants. The plaintiff alleged exceptions.

*I. Sumner & N. L. Johnson,* for the plaintiff, cited Com. Dig. Action on the Case for a Nuisance, A, B ; 2 Dane Ab. *c.* 69 ; 3 Bl. Com. 217 ; 3 Kent Com. (6th ed.) 439, 440 ; *Renwick* v. *Morris,* 3 Hill, 621, and 7 Hill, 575 ; *Mellen* v. *Western Railroad,* 4 Gray, 301 ; Vin. Ab. Nuisance, G, pl. 19 ; 2 Rol. Ab. 704.

*J. Rockwell,* for the defendants, cited *Smith* v. *Kenrick,* 7 C. B. 515 ; *Wyatt* v. *Harrison,* 3 B. & Ad. 871 ; *Lawrence* v. *Great Northern Railway,* 16 Ad. & El. N. R. 643 ; *The King* v. *Pease,* 4 B. & Ad. 30 ; *Aldridge* v. *Great Western Railroad Co.* 3 Man. & Gr. 515 ; *Acton* v. *Blundell,* 12 M. & W. 324 ; *The King* v. *Commissioners of Sewers,* 8 B. & C. 355 ; *Barnard* v. *Poor,* 21 Pick. 378 ; *Howland* v. *Vincent,* 10 Met. 371 ; *Thurston* v. *Hancock,* 12 Mass. 220.

BIGELOW, J. The plaintiff does not allege or offer to prove that the defendants, in erecting the fence, acted wantonly, negligently or maliciously, or with any purpose of inflicting injury on him or his property. On the contrary, it appears that the fence was built on land belonging to the defendants, for the legitimate object of preventing the track of their road from being incumbered with snow. This was certainly a proper and reasonable use of their own property; and although it may have caused annoyance or injury to the plaintiff or his property, it gives him no cause of action. Such acts do not fall within the maxim, *sic utere tuo ut alienum non lædas,* but within another legal apophthegm, *qui jure suo utitur neminem lædit.* *Howland* v. *Vincent,* 10 Met. 371.

The agreement in the deed to the defendants, by which the plaintiff's grantors and their heirs undertook to build and maintain the fence between the land now owned by the plaintiff and that of the railroad, has no bearing on the question at issue in this cause. That related only to the division fence between the parties, and cannot operate to prevent the defendants from erecting on their land and at their own expense a fence or other barrier necessary or convenient to protect their track from accumulations of snow, which might delay public travel and require the defendants to expend money in removing them.

*Exceptions overruled.*